O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATHLEEN D. POOLE,                  )    NO. CV 13-05995-MAN
                                    )
            Plaintiff,              )
                                    )    MEMORANDUM OPINION
      v.                            )
                                    )    AND ORDER
CAROLYN W. COLVIN,                  )
Acting Commissioner of Social       )
Security,                           )
                                    )
            Defendant.              )
_____    )

      Plaintiff filed a Complaint on August 20, 2013, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB").  On September 30, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  The parties filed a Joint Stipulation on May 27, 2014, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits;[1] and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

_____

      [1]    Plaintiff "makes this request knowing that she prostrates herself to the discretion of the Court to remand for further proceedings."  (Joint Stipulation ("Joint Stip.") at 15.)

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff protectively filed an application for a period of disability and DIB on December 29, 2009.  (Administrative Record ("A.R.") 10.)  Plaintiff, who was born on October 31, 1960 (A.R. 98),[2] claims to have been disabled since April 29, 2009, due to depression and anxiety (A.R. 15, 128).  Plaintiff has past relevant work experience as a "Dietary Aide, Food Service, Hospital" and "Companion."  (A.R. 20.)

After the Commissioner denied plaintiff's claim initially, plaintiff requested a hearing.  (A.R. 10.)  On September 26, 2011, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge David G. Marcus (the "ALJ").  (*Id.*)  Vocational expert Freeman Leeth Jr. also testified.  (*Id.*)  On November 3, 2011, the ALJ denied plaintiff's claim (A.R. 10-21), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-4).  That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his November 3, 2011 decision, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and plaintiff has not engaged in substantial gainful activity since April 29, 2009, the alleged onset date of her disability.  (A.R. 12.)  The ALJ determined that plaintiff has the severe impairment of schizoaffective disorder, but she does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (A.R. 12-13.)

---

[2]    On the alleged disability onset date, plaintiff was 48 years old, which is defined as a younger individual.  (*See* 20 C.F.R. § 404.1563.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "medium work as defined in 20 CFR [§] 404.1567(c) except the claimant would be limited to jobs involving simple routine tasks in a low stress environment involving only simple work-related decisions with few workplace changes." (A.R. 14.)

The ALJ found that plaintiff was capable of performing her past relevant work -- *to wit*, "Dietary Aide, Food Services, Hospital" and "Companion" -- because "[t]his work does not require the performance of work-related activities precluded by [plaintiff]'s [RFC]." (A.R. 20.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from April 29, 2009, the alleged onset date, through November 3, 2011, the date of the ALJ's decision. (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical

3

1  testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.
2  1995).

3

4      The Court will uphold the Commissioner's decision when the evidence is susceptible to
5  more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).
6  However, the Court may review only the reasons stated by the ALJ in his decision "and may not
7  affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett,
8  340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless
9  error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential
10 to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th
11 Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400
12 F.3d

13

14                              **DISCUSSION**

15

16 **I.     The ALJ's Decision Is Not Supported By Substantial Evidence.**

17

18     Plaintiff claims the ALJ erred at step four in finding that plaintiff could perform her past
19 relevant work as a "Dietary Aide, Food Services, Hospital," because according to the Dictionary
20 of Occupational Titles (the "DOT"), that job would require plaintiff to function at reasoning level
21 three -- a reasoning level which plaintiff contends is inconsistent with the ALJ's RFC assessment
22 limiting plaintiff to simple, routine tasks.

23

24     At step four of the sequential evaluation process, a claimant bears the burden of proving
25 that he or she can no longer perform his or her past relevant work. Pinto v. Massanari, 249 F.3d
26 840, 844 (9th Cir. 2001).  Notwithstanding claimant's burden, the ALJ still has a duty to make the
27 requisite factual findings to support his or her conclusion regarding plaintiff's ability to perform
28 his or her past relevant work.  Id.  A claimant must be able to perform:  (1) "[t]he actual

4

functional demands and job duties of a particular past relevant job"; or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845 (citations omitted).  Accordingly, the ALJ must make "specific findings as to the claimant's [RFC], the physical and mental demands of the past relevant work, and the relation of the [RFC] to the past work." *Id.*

In general, an ALJ should consider first whether claimant can perform his or her past relevant work as *actually* performed and then as *generally* performed. Pinto, 249 F.3d at 845. Typically, the best source for how a job is generally performed is the DOT.  *Id.*; Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (noting that "we rely primarily on the DOT . . . for information about the requirements of work in the national economy").[3]  Although occupational evidence provided by the vocational expert is generally expected to be consistent with the DOT, "[n]either the DOT nor the [vocational expert's] evidence automatically 'trumps' when there is a conflict." SSR 00-4p, 2000 WL 1898704, at *2.

The ALJ has an affirmative responsibility to ask whether a conflict exists between the testimony of a vocational expert and the DOT.  SSR 00-4p, 2000 WL 1898704, at *4; Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).  If there is a conflict between the DOT and testimony from the vocational expert, an ALJ may accept testimony from a vocational expert that contradicts the DOT, but "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  The ALJ must resolve any conflict by determining whether the vocational expert's explanation is reasonable and provides sufficient support to justify deviating from the DOT. SSR 00-4p, 2000 WL 1898704, at *4; Massachi, 486 F.3d at 1153.  An ALJ's failure to do so, however, can be harmless error when there is no conflict or the vocational expert provides a basis for relying on the his or her

---

[3]     Social Security Rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).  Accordingly, they are given deference, "unless they are plainly erroneous or inconsistent with the Act or regulations." *Id.*

testimony rather than on the DOT.  *Id.* at 1154 n.19.

At the administrative hearing, the ALJ solicited the testimony of vocational expert Freeman Leeth, Jr.  (A.R. 45-50.)  Plaintiff's counsel did not have any objections to Mr. Leeth serving as the vocational expert.  (A.R. 46.)  The ALJ asked the vocational expert whether a hypothetical individual with plaintiff's limitations could perform plaintiff's past relevant work.  (A.R. 49-50.) The vocational expert testified that such person could perform plaintiff's past relevant work as a hospital food service worker, DOT 319.677-014, as generally performed and as actually performed by plaintiff.  (A.R. 48-50.)  The vocational expert further testified that his testimony was consistent with the DOT.  (A.R. 50.)  Accordingly, based on the vocational expert's testimony, the ALJ determined that plaintiff could perform her past relevant work as a "Dietary Aide, Food, Services, Hospital."  (A.R. 20.)

Notwithstanding the vocational expert's testimony, there is a split among the circuit courts on whether a limitation to simple, routine, and/or repetitive tasks is compatible with the performance of jobs with a level three reasoning requirement as defined in the DOT. Adams v. Astrue, 2011 WL 1833015 (N.D. Cal. May 13, 2011) (*comparing* Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (a surveillance systems monitor job with a DOT reasoning level of three was not suitable for a claimant whose RFC limited her to "simple and routine work tasks") *with* Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (a claimant limited to "simple" work could perform the job of surveillance systems monitor, which had a reasoning level of three) *and* Renfrow v. Astrue, 496 F.3d 918, 920-21 (8th Cir. 2007) (a claimant with an inability to do "complex technical work" was not precluded from jobs with a reasoning level of three)).  Further, a number of courts in this Circuit have found that a limitation to simple, routine, and/or repetitive tasks is inconsistent with a reasoning level of three.[4]

---

[4]    As noted by the court in Torrez v. Astrue, 2010 WL 2555847 (E.D. Cal. June 21, 2010):

Several district court cases in this circuit question whether a claimant limited to

Accordingly, in view of the above authority, the Court concludes that a potential conflict exists between the ALJ's determination that plaintiff can perform simple, routine tasks and his finding that plaintiff can perform the jobs of "Dietary Aide, Food Services, Hospital," which, according to the DOT, requires level three reasoning -- a conflict which the vocational expert neither identified nor explained.  As such, the Court cannot find that substantial evidence supports the ALJ's determination that plaintiff can perform her past relevant work.

## II.   Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and

simple, repetitive tasks is capable of performing jobs requiring level three reasoning under the DOT.  In McGensy v. Astrue, 2010 WL 1875810 (C.D. Cal. May 11, 2010), the Court noted that while case law has held that "a limitation to 'simple, repetitive tasks' is consistent with level two reasoning," this restriction is "inconsistent" with the requirements for level three reasoning, in particular the job of *mail clerk. Id.* at *3 (citing Pak v. Astrue, 2009 WL 2151361 at *7 (C.D. Cal. July 14, 2009) ("The Court finds that the DOT's Reasoning Level three requirement conflicts with the ALJ's prescribed limitation that Plaintiff could perform only simple, repetitive work"); Tudino v. Barnhart, 2008 WL 4161443 at *11 (S.D. Cal. Sept. 5, 2008) ("[l]evel-two reasoning appears to be the breaking point for those individuals limited to performing only simple repetitive tasks"; remand to ALJ to "address the conflict between Plaintiff's limitation to 'simple, repetitive tasks' and the level-three reasoning"); Squier v. Astrue, 2008 WL 2537129 at *5 (C.D. Cal. June 24, 2008) (reasoning level three is "inconsistent with a limitation to simple repetitive work"). In addition, in Bagshaw v. Astrue, 2010 WL 256544 at *5 (C.D. Cal. January 20, 2010), the court expressly cited Hackett [v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)] in concluding that a *mail clerk* job, which requires level three reasoning under the DOT, was "inconsistent with [plaintiff's] intellectual functional capacity limitation to simple, routine work."

2010 WL 2555847, at *8-*9 (finding that the "DOT precludes a person restricted to simple, repetitive tasks, from performing work . . . that requires level three reasoning).

it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned error.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  May 29, 2014

_Margaret A. Nagle_

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE